**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-50153

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANTONIO FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(W-96-CR-58-1)

_____

November 5, 1997

Before MAGILL,[*] SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[**]


Antonio Flores contests the stacking of his federal conviction for drug trafficking on top of his prior state conviction for similar conduct occurring a year before the conduct at issue in the federal trial, arguing that the district court failed properly to

---

[*] Circuit Judge of the Eighth Circuit, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consider allowing the sentences to run concurrently. Because the version of the sentencing guidelines in effect at sentencing gave the district court such broad discretion that its failure to consider all factors did not change the sentence imposed, we affirm.

## I.

In February 1997, Flores was convicted of possessing 140 grams of cocaine with intent to distribute in violation of 18 U.S.C. § 841(a). When Flores was arrested in 1996, he was awaiting sentencing on a state law charge, also for possession of cocaine, arising out of a September 1995 arrest. In August 1996SSafter the federal arrest but before sentencing on the federal chargeSSFlores was sentenced by the state to eight years' imprisonment.

At the federal sentencing hearing, defense counsel asked the court to consider whether the sentences should run concurrently or consecutively. The court inquired whether the conduct was the same. The government replied that it was not, because the events occurred about a year apart. The government also argued, correctly, that the sentencing guidelines did not require taking into account the state conduct.[1]

---

[1] The application notes explain that conduct "taken into account" is "Relevant Conduct" that is considered part of the federal offense; it does not mean the state conviction was included in the criminal history category. *See* U.S.S.G. § 5G1.3, application note 2. *See, e.g., United States v. Richardson*, 87 F.3d 706, 709 n. 4 (5th Cir. 1996).

In response, defense counsel argued that the court had authority under the guidelines to make the sentence either consecutive or concurrent, and that because Flores's criminal history category was increased three points to reflect the state offense, a concurrent sentence would be appropriate. The court followed the PSR and imposed a sentence of 92 months, the minimum sentence permissible for a base level of 26 and criminal history category of IV, with the sentences to be served consecutively.

## II.

Flores asserts now that the district court imposed the consecutive sentence under the misapprehension that § 5G1.3(a) required it or, alternatively, that the court failed properly to exercise its discretion under § 5G1.3(c). Although we review a choice between concurrent and consecutive sentences for abuse of discretion, we apply a *de novo* standard to questions of proper application of the guidelines. *Richardson*, 87 F.3d at 710.

The government argues that we should review the decision for plain error, on the ground that defense counsel did not properly raise the issue in the district court. *See United States v. Torrez*, 40 F.3d 84, 86 (5th Cir. 1994). Although counsel did not specifically mention § 5G1.3, he did ask for a concurrent sentence and argued that the court had discretion to choose between concurrent and consecutive sentences. Under *United State v.*

3

*Hernandez*, 64 F.3d 179, 181 (5th Cir. 1995), a request that a sentence run concurrently with an undischarged state sentence is sufficient to alert the court to the issue before it. Therefore, plain error review is inappropriate. We review the district court's application of the guidelines *de novo*.

The record presents no evidence that the district court improperly thought a consecutive sentence was required. Neither the parties nor the court mentioned § 5G1.3(a). The defense did not bring up § 5G1.3(c), but defense counsel suggested that the court had the authority to choose a concurrent sentence, and the court did not dispute this contention. Neither the government nor the court stated at any point that the court was required to impose a consecutive sentence. Rather, the government argued that a "concurrent sentence would not be appropriately applied under the Guidelines."

Here, we have no reason to think that the court mistakenly applied § 5G1.3(a), rather than § 5G1.3(c). Flores suggests no case in which an appellate court has presumed error on the part of the district court, where the proceedings and result are entirely consistent with proper application of the law, merely because another interpretation is conceivable. Accordingly, we conclude that the district court did not apply the wrong section of the guidelines.

Flores suggests that, even if the court did not believe that

the guidelines compelled it to stack the sentences, it failed to perform the discretionary analysis required by § 5G1.3(c). Under the old version of the guidelines, Flores might have a plausible claim. The application notes to the 1992 version of the guidelines instructed the court to determine the sentence that would have been imposed had both offenses been federal and had sentence been imposed for both at once. *See* U.S.S.G. § 5G1.3(c) application note 3 (as amended effective Nov. 1, 1992, superseded by amendment effective Nov. 1, 1995). Those guidelines referred to the second sentence as an "incremental punishment for the instant offense." Although the application notes were intended to guide courts rather than bind them, a district court was expected to explain its reasons for refusing to follow the procedure suggested in the commentary. *See United States v. Plantan*, 102 F.3d 953, 956 (7th Cir. 1996); *United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997).

The current guidelines eliminate the word "incremental," leaving courts to impose a "reasonable punishment for the instant offense." *See* U.S.S.G. § 5G1.3(c) (as amended effective Nov. 1, 1995). In the most recent version of the guidelines, the application notes have eliminated the detailed instructions on calculating an "incremental" sentence, replacing them with a broad directive to consider the type and length of the prior undischarged sentence, the time served on the undischarged sentence, the fact

that the undischarged sentence may have been imposed by a state court or by a federal court at a different time, and "any other circumstance relevant to the determination of an appropriate sentence for the instant offense." *Id.*, application note 3. The detailed examples of incremental sentencing provided in the older version have been eliminated. *See id.*, historical notes.

The new guidelines provide almost no restrictions on the sentencing court in this respect. Although they list factors to consider in making the determination whether a sentence should be concurrent or consecutive, they do not suggest how those factors should be applied. Unlike the older application notes and illustrations, the current guidelines do not provide a suggested outcome for particular cases, whose rejection must be justified. It therefore would be a waste of judicial resources to require a district court explicitly to consider each factor, as the guidelines do not require or even suggest that any of the factors lead to a particular result. Essentially, the current guidelines merely ask the court to be aware of the fact that the defendant is serving time for another offense and that this fact may influence the just sentence for the current offense.

To the extent that the current guidelines suggest a particular outcome, they suggest running the sentences consecutively. Whereas the guidelines used to call for a "reasonable incremental punishment," the current ones require a "reasonable punishment for

the instant offense." U.S.S.G. § 5G1.3(c). Because a concurrent sentence for the federal conviction would have led to little or no additional time for an entirely separate, serious crime, it would effectively apply a punishment of three years' probation, a fine, and no time served. Such a result could hardly be described as a "reasonable punishment for the instant offense." Although there is little jurisprudence on the application of the 1995 amendment to the guidelines, the two courts to have considered an alleged imposition of consecutive sentences without proper consideration of the § 5G1.3(c) factors summarily affirmed, suggesting greater leniency in the application of the new § 5G1.3(c) than courts enjoyed under the previous version. *See United States v. Gray*, 121 F.3d 710, 1997 WL 413663, *4 (6th Cir. 1997) (unpublished); *United States v. Pfeil*, 116 F.3d 489, 489, 1997 WL 345976, at *1 (10th Cir. 1997) (unpublished).

Furthermore, even if the district court erred in failing explicitly to consider the factors mentioned in the guidelines, such failure was harmless. The court imposed a sentence of only 92 months, the minimum possible for the applicable base offense level and criminal history category. Nothing in the new guidelines or their commentary suggests that the court should have imposed a different sentence. Remand is not appropriate where we conclude, on consideration of the record, that the error in applying the guidelines did not change the sentence imposed. *See Williams v.*

7

*United States*, 503 U.S. 193, 203 (1992).

AFFIRMED.